UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RUKNUDDIN MASIHUDDIN,

                         Plaintiff,

     -v-                                          3:13-CV-1399

CHRISTOPHER SCHLEIDER, Code
Specialist; PATRICK C. DAY, Planner;
TOM COSTELLO, Supervisor; and
CITY OF BINGHAMTON,

                         Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                      OF COUNSEL:

RUKNUDDIN MASIHUDDIN, pro se
117 Jefferson Avenue
Endicott, NY  13760

CITY OF BINGHAMTON                                BRIAN M. SEACHRIST, ESQ.
OFFICE OF CORPORATION COUNSEL
Attorneys for Defendants
38 Hawley Street, 5th Floor
Binghamton, NY  13901

DAVID N. HURD
United States District Judge

### MEMORANDUM–DECISION and ORDER

## I. INTRODUCTION

On November 8, 2013, *pro se* plaintiff Ruknuddin Masihuddin ("plaintiff" or

"Masihuddin") initiated this civil rights action against defendants the City of Binghamton ("the

City"); Christopher Schleider, Code Specialist for the City ("Schleider"); Patrick C. Day, the

City Planner ("Day"); and Tom Costello, the City Supervisor ("Costello") (collectively

"defendants").  This action stems from a criminal summons issued to plaintiff in July 2012 for

an alleged violation of the City's zoning ordinance.  Plaintiff asserts claims for false arrest,

malicious prosecution, and abuse of process—all pursuant to 42 U.S.C. § 1983.  He seeks

compensatory and punitive damages.

On January 17, 2014, defendants filed a motion to dismiss the complaint in its entirety

pursuant to Federal Rule of Civil Procedure 12(b)(5) and (6).  Masihuddin responded, and

defendants filed a reply.  The motion was considered on submit without oral argument.

## II. FACTUAL BACKGROUND

The following facts, taken from the complaint and documents attached thereto, are

assumed true for purposes of the motion to dismiss.  See Chambers v. Time Warner, Inc.,

282 F.3d 147, 152 (2d Cir. 2002).

In April 2012 Masihuddin operated a food vending truck located in a parking lot on

Court Street in the City.  He owned neither the food truck nor the property on which the truck

was parked.  In fact, there were apparently three individuals or entities involved in the food

truck operation:  (1) Baldev Kumar, who owned the parking lot; (2) H&H Food Corp., which

owned the food truck and leased the parking lot from Kumar; and (3) Masihuddin, who

operated the food truck on a daily basis.

On May 14, 2012, Schleider served plaintiff with a zoning violation citation—issued

against and addressed to Baldev Kumar, not plaintiff—related to the operation of the food

truck.  This citation directed Kumar to speak with Day about the matter by May 18, 2012.

When Kumar failed to take any action, H&H Food Corp. submitted a site plan to the City and

applied for a special use permit that would allow for the continued operation of the food truck.

This application identified Masihuddin as the "contact person" and listed his address, phone

number, and email address as the contact information for H&H Food Corp.

The City denied the application on June 12, 2012. Day and Costello signed a document memorializing the denial and sent same to the City Clerk. However, defendants did not serve anyone with a copy of the denial, and plaintiff continued to operate the food truck in the parking lot on Court Street. On July 9, 2012, Schleider filed an accusatory instrument in the City Court, alleging plaintiff's failure to comply with section 410-31.C of the City Code of Ordinances. This document identified plaintiff as "THE OWNER/OPERATOR OF A FOOD VENDING TRUCK." Compl., ECF No. 1, 9. Plaintiff was served with a criminal summons the following day. He made two appearances in City Court before the charge was dismissed on August 9, 2012. According to plaintiff, the City admitted that the charge was brought against him in error.[1]

## III. DISCUSSION

Defendants argue that the complaint must be dismissed in its entirety because: (1) plaintiff failed to properly serve Schleider and Day with the summons and complaint; (2) plaintiff was never "seized"; (3) probable cause existed to charge and prosecute plaintiff for the zoning violation; (4) plaintiff does not adequately allege an intent on behalf of defendants to unjustly harm him; (5) the individual defendants are entitled to qualified immunity; and (6) plaintiff fails to identify the municipal policy, custom, or practice that led to the alleged constitutional violations.[2]

---

[1] Plaintiff implies that the charge was dismissed because he was not the proper defendant. He claims the food truck owner and/or the property owner should have been charged with the zoning violation instead.

[2] Defendants also assert that the individual defendants were not personally involved in the alleged constitutional violations. Such is unpersuasive, especially at this early stage of the litigation. As noted in the
(continued...)

**A.  Service of Process**

Defendants argue that the complaint must be dismissed as against Schleider and Day pursuant to Rule 12(b)(5) because Masihuddin failed to properly serve them with the summons and complaint.  Plaintiff maintains that he served them appropriately and, in the alternative, seeks an extension of time in which to perfect service.

The Northern District of New York's Local Rule 4.1 and General Order No. 25 direct a plaintiff to serve process upon all defendants within sixty (60) days of filing the complaint.  The Court has discretion to extend this deadline, but "[i]n no event shall service of process be completed after the time specified in Fed. R. Civ. P. 4."  N.D.N.Y. R. 4.1.  Pursuant to Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  FED. R. CIV. P. 4(m).

Where service occurs in New York, New York law governs whether the method of service was proper.  See FED. R. CIV. P. 4(e).  As pertinent here, service is proper under New York law if plaintiff delivers the summons "to a person of suitable age and discretion at the actual place of business" of the defendant and mails a copy of same to the defendant's home or actual place of business within twenty days.  N.Y. C.P.L.R. § 308(2).

"When dealing with *pro se* parties, courts interpret the rules dealing with service of

---

[2](...continued)
Factual Background, Schleider served plaintiff with the initial citation, which directed Kumar to speak with Day, Day and Costello signed the denial of the special use permit application, and Schleider filed the accusatory instrument charging plaintiff with a zoning violation.

process liberally."  <u>St. John Rennalls v. Cnty. of Westchester</u>, 159 F.R.D. 418, 420 (S.D.N.Y.

1994); <u>see also</u> <u>Pride v. Summit Apartments</u>, No. 5:09-CV-861, 2010 WL 2521776, at *2

(N.D.N.Y. June 16, 2010) (Suddaby, J.).  Furthermore, "[d]eficiencies in the method of

service are harmless error . . . where the party asserting deficient service has actual

knowledge of the action and no prejudice results from the deficiency."  <u>St. John Rennalls</u>,

159 F.R.D. at 420.

Masihuddin filed his complaint in the Northern District on November 8, 2013.  On

November 13, a process server arrived at City Hall and served a copy of the summons on

Costello, who, according to the affidavit of service, "is designated by law to accept service of

process on behalf of Christopher Schleider."  ECF No. 8.  On that same day, the process

server also served a copy of the summons on Karen Miller in the Planning Department in City

Hall.  According to the affidavit of service, Ms. Miller is authorized to accept service on behalf

of Day.  ECF No. 8-3.  On December 12, 2013, defense counsel filed a letter advising that

Day resigned from his employment with the City in July 2013 and moved to the Boston area.

ECF No. 9.  Therefore, City Hall was no longer Day's actual place of business in November

2013.  Defense counsel filed the pending motion on behalf of all defendants on January 17,

2014.

Although Masihuddin's process server delivered the summons to a person of suitable

age and discretion at Schleider's actual place of business, he failed to mail a copy of the

summons to Schleider within twenty days thereafter.  Given plaintiff's *pro se* status and

Schleider's apparent actual knowledge of the action against him, this failure is arguably

excusable.  Indeed, counsel has entered an appearance and filed a motion to dismiss on his

behalf well within the 120-day window contemplated by Federal Rule of Civil Procedure 4(m).

Therefore, no apparent prejudice results from plaintiff's deficient service on Schleider. Conversely, Day no longer works in City Hall and has reportedly moved out of state. Thus, the process server neither delivered the summons to Day's actual place of business nor mailed him a copy. Despite counsel's appearance on his behalf, it cannot reasonably be assumed that Day received actual notice of the allegations against him in this action.

Regardless, allowing Masihuddin additional time to properly serve Schleider and Day would be futile because, as explained below, the complaint will be dismissed on the merits.

### B. Motion to Dismiss

#### 1. Legal Standard

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), more than mere conclusions are required. Indeed, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Dismissal is appropriate only where plaintiff has failed to provide some basis for the allegations that support the elements of his claims. See Twombly, 550 U.S. at 570 (requiring "only enough facts to state a claim to relief that is plausible on its face").

When considering a motion to dismiss, the complaint is to be construed liberally, all factual allegations are to be deemed true, and all reasonable inferences must be drawn in the plaintiff's favor. Chambers, 282 F.3d at 152. These pleading requirements apply to *pro se* plaintiffs as well as plaintiffs represented by counsel. Wynder v. McMahon, 360 F.3d 73,

79 n.11 (2d Cir. 2004).  However, particular deference should be given to a *pro se* litigant's complaint when applying the above standard.  Erickson v. Pardus, 551 U.S. 89, 94 (2007); see also Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001) ("It is well settled that *pro se* litigants generally are entitled to a liberal construction of their pleadings, which should be read to raise the strongest arguments that they suggest." (internal quotation marks omitted)). Finally, a district court may consider documents attached to the complaint as exhibits or incorporated by reference therein.[3]  DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010).

## 2. **False Arrest**

Defendants argue the false arrest claim must be dismissed because Masihuddin was never seized or confined and, in the alternative, defendants had probable cause to charge him with violating the City zoning ordinance.

The elements of a § 1983 claim for false arrest "are substantially the same as the elements of a false arrest claim under New York law."  Singer v. Fulton Cnty. Sheriff, 63 F.3d 110, 118 (2d Cir. 1995) (internal quotation marks and citation omitted); see also DeMeo v. Kean, 754 F. Supp. 2d 435, 443 (N.D.N.Y. 2010).  Under New York law, the elements of a false arrest claim are:  "(1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged."  Singer, 63 F.3d at 118 (internal quotation marks omitted).

---

[3]  Plaintiff attached the following documents to the complaint:  (1) the initial citation issued to Kumar; (2) the site plan and application for a special use permit submitted by H&H Food Corp.; (3) the City's denial of the special use permit application; (4) the accusatory instrument filed by Schleider against plaintiff; (5) the criminal summons lodged against him; (6) the Certificate of Disposition reflecting the dismissal of the charge; and (7) the Notice of Claim he served upon the City.  All of these documents will be considered.

Masihuddin does not allege that he was ever seized, handcuffed, or confined in any manner.  Nor does he respond to defendants' assertion that he was never seized.  The filing of an accusatory instrument against him and the service of a criminal summons commanding him to appear in court at a later date does not constitute a seizure.  See Burg v. Gosselin, 591 F.3d 95, 98 (2d Cir. 2010) ("We hold that the issuance of a pre-arraignment, non-felony summons requiring a later court appearance, without further restrictions, does not constitute a Fourth Amendment seizure."); Manbeck v. Micka, 640 F. Supp. 2d 351, 369 (S.D.N.Y. 2009) ("Although the Second Circuit has not directly addressed whether or not the issuance of a summons and complaint coupled with the requirement that an individual appear in court, constitutes a seizure, district courts in this circuit have held that it does not." (collecting cases)).  Moreover, as explained below, defendants had probable cause to charge him with the violation.  See Dickerson v. Napolitano, 604 F.3d 732, 751 (2d Cir. 2010) (probable cause is a complete defense to a false arrest claim).

Accordingly, defendants' motion to dismiss the false arrest claim will be granted.

### 3.  **Malicious Prosecution**

Defendants maintain that plaintiff's malicious prosecution claim must be dismissed because they had probable cause to charge him with a violation of the zoning ordinance due to his continued operation of the food truck.  In response, Masihuddin simply asserts that defendants could not have had probable cause since he owned neither the food truck nor the property on which it was parked.

To state a malicious prosecution claim, plaintiff must allege:  "(1) defendants commenced a criminal proceeding against [him]; (2) the proceeding ended in the plaintiff['s] favor; (3) defendant[s] did not have probable cause to believe that plaintiff[] [was] guilty of the

crime charged; and (4) defendants acted with actual malice." Hernandez v. City of Rochester, 212 F. Supp. 2d 143, 150 (W.D.N.Y. 2002), aff'd, 86 F. App'x 460 (2d Cir. 2004) (summary order); see also Cook v. Sheldon, 41 F.3d 73, 78 (2d Cir. 1994). Additionally, because a § 1983 malicious prosecution claim is rooted in the Fourth Amendment, it must involve some alleged deprivation of liberty. Singer v. Fulton Cnty. Sheriff, 63 F.3d 110, 115–16 (2d Cir. 1995). Thus, for example, persons who have been charged in an administrative proceeding cannot maintain a malicious prosecution claim because they "were never taken into custody, imprisoned, physically detained or seized within the traditional meaning of the Fourth Amendment." Washington v. Cnty. of Rockland, 373 F.3d 310, 316 (2d Cir. 2004); see also Manbeck, 640 F. Supp. 2d at 369–70 (dismissing malicious prosecution claim where plaintiff was charged with zoning violations, was issued appearance tickets, and was never subject to a physical seizure).

Probable cause is a complete defense to a malicious prosecution claim. Dickerson, 604 F.3d at 751. "Probable cause exists when one has knowledge of, or reasonably trustworthy information as to, facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed by the person to be [charged]." Williams v. Town of Greenburgh, 535 F.3d 71, 79 (2d Cir. 2008) (alterations in original) (internal quotation marks omitted). The existence of probable cause is an objective inquiry that is based upon the facts known by the official at the time the proceedings were initiated. Jaegly v. Couch, 439 F.3d 149, 153 (2d Cir. 2006). Importantly, "probable cause can exist even where it is based on mistaken information, so long as the [official] acted reasonably and in good faith in relying on that information." Bernard v. United States, 25 F.3d 98, 102 (2d Cir. 1994).

Masihuddin's malicious prosecution claim can be dismissed for a number of reasons. First, as explained above, he does not allege that he was ever taken into custody or subject to physical seizure.  Further, there are no allegations that his ability to travel was restricted, and he only made two appearances in City Court.  Thus, he fails to allege any restriction of his liberty within the contemplation of the Fourth Amendment.

Second, even though the charge against Masihuddin was eventually dismissed, the totality of the circumstances shows Schleider had probable cause to file the accusatory instrument against him.  Taking the factual allegations as true, defendants knew the following at the time the charge was brought against plaintiff:  (1) plaintiff operated a food truck in a commercial parking lot on Court Street; (2) in May 2012 he was served with a citation, albeit addressed to the property owner, advising that a special use permit and a site plan review was required to continue operating the food truck in that parking lot; and (3) the subsequent application for a special use permit had been denied.  Therefore, in the absence of such a permit and site plan review, defendants had probable cause to issue a citation and summons when they observed plaintiff's continued operation of the food truck in the commercial area.[4]

The fact that Masihuddin was charged with the violation instead of the property or food truck owner does not negate a finding that defendants had probable cause when they filed the accusatory instrument in City Court.  Indeed, Masihuddin is listed as the contact person on the special use permit application, which was submitted by H&H Food Corp.  Further, the application lists the same address, phone number, and email address for H&H Food Corp.

---

[4]  Plaintiff does not contend that defendants improperly identified the Court Street parking lot as a commercial area.  Nor does he take issue with the issuance of a citation and requirement of a special use permit and site plan.  His only complaint is that they named him in the accusatory instrument instead of the property and/or food truck owner.

and Masihuddin.  Moreover, plaintiff worked in the truck on a daily basis.  Therefore, any mistake about the actual ownership of the food truck was reasonable and caused by good faith reliance on these documents.

Finally, this claim can also be dismissed for lack of malice.  There is nothing in the complaint from which to reasonably infer that any of the defendants held any animus against Masihuddin or charged him with a zoning violation as a result of an improper motive.

Accordingly, defendants' motion to dismiss the malicious prosecution claim will be granted.

### 4.  **Abuse of Process**

Defendants next argue that the abuse of process claim must be dismissed because plaintiff has not alleged any improper motive or intent to do harm without justification.

In order to state a claim for malicious abuse of process, a plaintiff must allege that the defendant:  "(1) employ[ed] regularly issued legal process to compel performance or forbearance of some act (2) with intent to do harm without excuse or justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process." Savino v. City of New York, 331 F.3d 63, 76 (2d Cir. 2003) (internal quotation marks omitted).

The complaint is devoid of any factual allegations that could possibly suggest defendants charged him with a zoning violation out of an intent to do him harm without justification.  As explained above, the zoning violation charge was supported by probable cause.  Masihuddin does not allege that defendants filed the accusatory instrument against him in retaliation for anything he had said or done.  Nor does he identify any possible collateral reason or ulterior purpose for the charge against him, outside of compelling compliance with the City Code.  There is nothing in the complaint from which to infer that any

- 11 -

of the individual defendants would benefit personally or professionally from bringing charges against plaintiff or that they engaged in conduct that improperly promoted charging him with a zoning violation.  In short, he fails to state a plausible abuse of process claim.  See Savino, 331 F.3d at 77–78.

Accordingly, defendants' motion to dismiss the abuse of process claim will be granted.

### 5.  Defendants' Remaining Arguments

As all three of Masihuddin's claims will be dismissed on the merits, it is unnecessary to address the individual defendants' assertion of qualified immunity.  See Demoret v. Zegarelli, 451 F.3d 140, 148 (2d Cir. 2006) ("If no constitutional or statutory right was violated—construing the facts in favor of plaintiff—we need not conduct further inquiries concerning qualified immunity.").  There is similarly no need to address defendants' argument concerning the lack of Monell liability.

### C.  Dismissal with Prejudice

Where, as here, a *pro se* plaintiff's complaint is dismissed at the motion to dismiss stage, a court ordinarily does so without prejudice and permits the plaintiff to file an amended complaint.  See Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991) ("Certainly [a] court should not dismiss [a pro se complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.").

However, even a liberal reading of Masihuddin's complaint does not evidence a valid federal constitutional claim.  The substance of his allegations is mere disagreement with defendants' decision to charge him—as opposed to the property owner or owner of the food truck—with a violation of the City's zoning ordinance.  There is no indication whatsoever that the defendants charged him for any reason other than to compel compliance with the City

code. It would be futile to permit any further pleadings, and the complaint will therefore be dismissed with prejudice. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (affirming dismissal of *pro se* plaintiff's complaint with prejudice because the substantive allegations were insufficient and repleading would be futile).

## IV. CONCLUSION

Although Masihuddin did not properly serve defendants Schleider and Day, Schleider had actual knowledge of the allegations contained in the complaint. As counsel has made an appearance and filed a motion to dismiss on behalf of all defendants, and since that motion will be granted in its entirety, it is unnecessary to grant plaintiff additional time in which to properly serve defendants Schleider and Day.

Even after liberally construing the allegations, accepting them as true, and making all reasonable inferences in plaintiff's favor, the complaint fails to plausibly state any claim upon which relief can be granted. Moreover, the problems with plaintiff's claims are substantive and, therefore, it would be futile to permit him an opportunity to amend his pleading.

Therefore, it is

ORDERED that

1. Defendants' motion to dismiss is GRANTED; and

2. The complaint is DISMISSED in its entirety with prejudice.

IT IS SO ORDERED.

The Clerk of the Court is directed to enter judgment accordingly and close the file.

United States District Judge

Dated:  September 23, 2014
        Utica, New York.